ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
DEREK R. NOACK
Nevada Bar No. 15074
E-Mail: Derek.Noack@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*
*State Farm Mutual Automobile Insurance*
*Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| JOSEPH LOMAGLIO, an individual. | CASE NO.:     2:21-cv-00328 |
| Plaintiff, | |
| vs. | **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | **(Diversity Jurisdiction)** |
| Defendants. | |

DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm" or "Defendant"), by and through its counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby files this Petition for Removal of Clark County District Court Case No. A-21-828025-C styled *Joseph Lomaglio v. State Farm Mutual Automobile Insurance Company*, *et al*., and states as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-9724-8733.1

1.    On January 19, 2021, Plaintiff Joseph Lomaglio ("Plaintiff") commenced an action in the Eighth Judicial District Court of Clark County, State of Nevada, entitled *Joseph Lomaglio v. State Farm Mutual Automobile Insurance Company*, *et al*., Case No. A-21-828025-C (the "State Court Action"). Copies of the Complaint ("State Court Complaint") and Notice of Service of Process are attached and marked respectively as **Exhibits A** and **B**.

2.    Service of the Summons and Complaint upon State Farm was made by the Division of Insurance on January 29, 2021. **See Exhibit C**.

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which State Farm may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.    Removal is timely pursuant to 28 U.S.C. § 1441(b)(3).

5.    Venue is appropriate in the unofficial Southern Division of the Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (c), 1441(b), and LR IA 1-6.

6.    In the State Court Action, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. According to the State Court Complaint, State Farm failed to meet its contractual obligations to Plaintiff related to a claim he made under a State Farm policy that provided him with underinsured motorist insurance ("UIM") coverage. *See* **Ex. A ¶¶** 94-95. Specifically, Plaintiff alleges that State Farm breached the subject UIM policy by having "established its institutional and/or nationwide pattern, practice and/or policy of assigning the same adjuster or claim specialist to simultaneously investigate, evaluate and handle "double with" claims, for the benefit of State Farm and to the detriment of State Farm policyholders." **Ex A** at ¶ 94. Plaintiff further alleges that State Farm "refused to pay the full benefits to State Farm policyholders, inclusive of Plaintiff, and instead State Farm has sought to delay and/or deny claims without just cause." **Id.** ¶ 94. As shown by a true and correct copy of the declarations page of the subject insurance policy (attached hereto as **Exhibit D**), the UIM coverage at issue is $50,000 per person and $100,000 per accident. **Exhibit D**. *See also* **Ex. A at** ¶ 43 ("Plaintiff requested a fair evaluation of the claim and that State Farm tender the policy limits of Plaintiff's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  underinsured motorist policy."). Under Plaintiff's Breach of Contract claim, Plaintiff claims to

2  have incurred damages in excess of $15,000. **Ex. A** at 22:2-6. However, Plaintiff's explicit

3  demand for the UIM policy limit demonstrates that Plaintiff values his breach of contract damages

4  at a minimum of $50,000 in contract benefits. *See id.* at ¶¶ 43.

5       In addition to Plaintiff's breach of contract cause of action, the State Court Complaint

6  pleads four other causes of action: (1) declaratory relief; (2) tortious breach of the implied

7  covenant of good faith and fair dealing, (3) violations of NRS 686A.310; and, (4) punitive

8  damages. **Id.** at pp. 13:4 – 17:10, 18:13 - 21:21. Although not explicitly providing a dollar value to

9  each claim, Plaintiff claims to have sustained damages as a result of each individual cause of

10 action. **Id.** at ¶¶ 89, 103, 110, and 114. Furthermore, the State Court Complaint also sets forth

11 additional allegations related to "Causation and Damages," asserting that Plaintiff has incurred

12 damages related to the subject accident (including medical special damages for her "permanent

13 and disabling" injuries) and related to State Farm's handling of his UIM claim. **Id.** at ¶¶ 65-70.

14 Plaintiff also alleges he sustained "lost earnings, lost earning capacity, physical impairment,

15 mental anguish, and loss of enjoyment of life." **Id.** Finally, the State Court Complaint prays for

16 "general and special damages," "compensatory and/or consequential damages," damages arising

17 out of State Farm's "failure to honor the terms of its insurance policies and other consequential

18 damages, plus interest," punitive damages, and attorneys' fees and costs. **Id.** at pp. 21:28 – 22:9.

19      To summarize, according to Plaintiff's State Court Complaint, Plaintiff alleges contract

20 damages of $50,000 and consequential damages in an amount in excess of $15,000 related thereto.

21 Plaintiff also alleges in his four additional causes of action that he sustained additional damages

22 due to State Farm's handling of his UIM claim, each in excess of $15,000.  Plaintiff further seeks

23 attorneys' fees and costs, and punitive damages; Plaintiff sets forth pages of allegations in support

24 of its claim for punitive damages. **Id.** at pp. 8-12.

25      The Court may consider any request for punitive damages and attorneys' fees when

26 determining if the amount in controversy exceeds $75,000. *Manthei v. Northwestern Mut. Life Ins.*

27 *Co*., Case No. 2:13-cv-1218-APG-NJK, 2014 U.S. Dist. LEXIS 15714, 5-6 (D. Nev. Feb. 6,

28 2014). As noted by the *Manthei* Court, Nevada law does not cap punitive damages in bad faith

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

insurance claims,[1] except as limited by constitutional due process. *Id*. Thus, Plaintiff's claim for punitive or exemplary damages arising out of State Farm's claims handling should be taken into account in calculating the amount in controversy.

A defendant's duty is not to prove by a preponderance of the evidence that a plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, Case No. 3:09-cv-714-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85073 (D. Nev. July 15, 2010). In other words, the amount in controversy is satisfied if a plaintiff's potential gain exceeds the jurisdictional limit. *Id.* The pertinent question the Court is to ask is whether a plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, Case No. 2:13-cv-316-RCJ-NJK, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013). As such, the appropriate figure to use in determining whether State Farm has presented adequate evidence to establish the amount in controversy is <u>not</u> the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If State Farm can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, <u>or</u> (2) were a jury to award Plaintiffs a full recovery, that award would be over the jurisdictional threshold, then jurisdiction with the Federal Court should remain.

As set forth above, when combining Plaintiff's identified damages, the amount in controversy reflects an amount well in excess of the jurisdictional threshold of $75,000.00.

---

[1] Although NRS 42.005(1) would limit punitive damages to $300,000, if Plaintiff is awarded less than $100,000 in compensatory damages, NRS 42.005(2)(b) removes this limit in a bad faith case against an insurer. There are several cases analogous to this one in which a jury verdict of punitive damages support a finding in this case that Plaintiff's claimed damage amounts could exceed $75,000. *See Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (U.S. 1991) (affirming nearly $1 million punitive damages award over insurer's mishandling of $4,000 medical claim); *Banker's Life & Cas. Co. v. Crenshaw*, 486 U.S. 71 (U.S. 1988) (affirming punitive damages award of $1.6 million arising out of insurer's failure to pay a $20,000 medical claim); *Julie Gourley v. State Farm Mut. Ins. Co.*, 1987 Nat. Jury Verdict Review LEXIS 622 (Cal. 1987) (awarding $1.5 million punitive damages award over insurer's mishandling of a $15,000 medical claim); *Fortimil Pierre-Louis v. Colonial Ins. Co.*, 1989 FL Jury Verdicts Rptr. LEXIS 2862 (Fla. 1989) (awarding $1 million in punitive damages based on the denial of a $2,500 medical claim).

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

4848-9724-8733.1                    4

7.    State Farm is informed and believes that Plaintiff was, at the time of filing of the State Court Action, and still is, a resident of Clark County, Nevada. *See* **Ex. A** at **¶ 2**. State Farm was at the time of the filing of the State Court Action, and still is, incorporated under the laws of the State of Illinois and has its principal place of business in the State of Illinois.

8.    Based on the foregoing, State Farm respectfully submits that (a) there is diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000.00.   This action is, therefore, properly removed to the United States District Court for the District of Nevada.

**EXHIBITS**

A.    Complaint

B.    Notice of Service of Process

C.    Service of the Summons and Complaint

D.    Declarations Page


DATED this 26th day of February 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP


By    */s/ Cheryl A. Grames*
ROBERT W. FREEMAN
Nevada Bar No. 3062
CHERYL A. GRAMES
Nevada Bar No. 12752
DEREK R. NOACK
Nevada Bar No. 15074
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant State Farm Mutual*
*Automobile Insurance Company*

1

**CERTIFICATE OF SERVICE**

2          I HEREBY CERTIFY that on the <u>26th</u> day of February, 2021, I electronically filed/served

3   the foregoing **PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)** with the Clerk of the

4   Court through Case Management/Electronic Filing System.

5

6   Dennis M. Prince, Esq.
    Angela M. Lee, Esq.
7   **PRINCE LAW GROUP**
    10801 West Charleston Blvd., Suite 560
8   Las Vegas, NV  89135
    Tel:     (702) 534-7600
9   Fax:     (702) 534-7601
10  Email: eservice@thedplg.com

11  Jason R. Maier, Esq.
12  **MAIER GUTIERREZ & ASSOCIATES**
    8816 Spanish Ridge Avenue
13  Las Vegas, NV  89148
    Tel:     (702) 629-7900
14  Fax:     (702) 629-7925
    Email: jrm@mgalaw.com
15

16  Jordan P. Schnitzer, Esq.
    **THE SCHNITZER LAW FIRM**
17  9205 W. Russell Road, Suite 240
    Las Vegas, NV 89148
18  Tel:     (702) 960-4050
    Fax:     (702) 960-4092
19  Email: Jordan@TheSchnitzerLawFirm.com

20  *Attorneys for Plaintiff Joseph Lomaglio*

21

22

23

24          By  */s/ Heidi Davis*

                An Employee of
25              LEWIS BRISBOIS BISGAARD & SMITH LLP

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4848-9724-8733.1                              6